**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOSEPHINE HILL,**<br>**Individually and on behalf of all others**<br>**similarly situated** | § § § § § | |
| *Plaintiff,* | § § § | Civil Action No. _____ |
| **v.** | § § | |
| **RICARDO AND SUSAN GARCIA LLC**<br>**d/b/a ECLECTIX COFFEE BAR AND**<br>**BAKERY LLC and SUSAN GARCIA** | § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | **COLLECTIVE/CLASS ACTION** |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Josephine Hill brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Ricardo and Susan Garcia LLC d/b/a Eclectix Coffee Bar and Bakery LLC (hereinafter "Eclectix") and/or Susan Garcia (hereinafter "Garcia") (collectively "Defendants") at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). Plaintiff also brings a Rule 23 class action to recover unpaid wages under a common-law *quantum meruit* claim of unjust enrichment.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Plaintiff and the Putative Class Members also bring a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to recover the wages owed to them for work they actually performed

and Defendants failed to pay them pursuant to their employment agreement under a common law theory of unjust enrichment.

3. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants at any time since February 6, 2015 through the final disposition of this matter.

4. Plaintiff and the Putative Class Members routinely worked in excess of 40 hours per workweek.

5. Defendants knowingly and deliberately failed to timely compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) each workweek.

6. The FLSA requires that minimum wage and overtime compensation earned during a workweek must be paid on the regular payday for the period in which the workweek ends. *See* 29 C.F.R. § 790.21(b); *see also* 29 C.F.R. § 778.106.

7. Therefore, Defendants' late payment of wages and overtime, and in some cases no payment at all, violates the FLSA.

8. Plaintiff and the Putative Class Members do not meet the definition of exempt status under the FLSA.[1]

9. Plaintiff and the Putative Class Members seek to recover all unpaid wages, overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

11.     Plaintiff also pray that this Court certify a Rule 23 class action to allow Plaintiff and the Putative Class Members to recover their earned wages that have been illegally withheld by Defendants.

**II.**
**THE PARTIES**

12.      Plaintiff Josephine Hill ("Hill") was jointly employed by Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Hill did not receive wages for all hours worked nor did she receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13.     The Putative Class Members are those current and former employees of Defendants who were subjected to the same illegal pay system under which Plaintiff Hill worked and was paid (or not paid as the case is here).

14.     The Putative Class Members for the Rule 23 class action are Defendants' current and former employees who have not received compensation for all hours worked on behalf of Defendants.[3]

15.     Defendant Ricardo and Susan Garcia LLC d/b/a Eclectix Coffee Bar and Bakery LLC ("Eclectix") is a Texas limited liability company, having its principal place of business in Corpus Christi, Texas, and may be served with process through its registered agent for service: **Susan Garcia, 7426 South Staples Street, Suite 107, Corpus Christi, Texas 78413**.

16.     Defendant Susan Garcia ("Garcia") is a Managing Member of Eclectix and an employer as defined by 29 U.S.C. § 203(d). Defendant Garcia may be served at: **7426 South Staples Street, Suite 107, Corpus Christi, Texas 78413, or wherever she may be found**.

---

[2] The written consent of Josephine Hill is attached hereto as Exhibit "A."

[3] The members of the proposed class and collective actions will wholly overlap, and will be referred to as the "Putative Class Members."

17. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

19. This Court has supplemental jurisdiction over Plaintiff's equitable common-law action because it shares a common nucleus of operative facts with Plaintiff's FLSA claims. 28 U.S.C. §1367(a); *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

20. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this district.

21. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Eclectix is headquartered in Corpus Christi, Texas, and Plaintiff Hill worked for Defendants in Corpus Christi, Texas, all of which are located in this District and Division.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

34. Defendant Eclectix operates a coffee bar and bakery in Corpus Christi, Texas that serves food and drinks to customers locally. Defendant Eclectix also sells merchandise over the Internet.[4]

35. Defendant Garcia is a Managing Member of Defendant Eclectix and an employer as defined by 29 U.S.C. § 203(d).

36. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

37. Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

38. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

39. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

40. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

41. Defendants shared the services of Plaintiff and the Putative Class Members. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

42. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

---

[4] http://www.eclectixcoffeebar.com/retail.html.

43. Moreover, all Defendants have the power to hire and fire Plaintiff and the Putative Class. Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

44. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

45. To provide their services, Defendants employed Plaintiff and several similarly situated hourly workers (Putative Class Members)—all of these individuals make up the potential or putative class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

46. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but often did not receive their straight-time and/or overtime pay until weeks and months later (if at all) in violation of the most basic tenets of the FLSA—that is, a day late truly is a dollar short.

47. Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

**VI.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR RICARDO AND SUSAN GARCIA LLC d/b/a ECLECTIX COFFEE BAR AND BAKERY LLC AND/OR SUSAN GARCIA, AT ANY TIME FROM FEBRUARY 6, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE NOT PAID FOR ALL HOURS WORKED AND/OR DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

50. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

51. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

52. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

53. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

54. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** sales personnel responsible for selling mobile phones and related accessories that were directly essential to the production of goods for Defendants and related companies. 29 U.S.C. § 203(j).

56. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

57. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

58. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

59. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

60. All previous paragraphs are incorporated as though fully set forth herein.

61. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

62. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff and the Putative Class Members would be able to precisely calculate damages.

63. Moreover, Defendants knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees back wages and overtime compensation. 29 U.S.C. § 255(a).

64. Defendants knew or should have known its pay practices were in violation of the FLSA.

65. Defendants are sophisticated parties and joint employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

66. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay overtime and all hours worked in accordance with the law.

67. The decision and practice by Defendants to not pay overtime and all hours worked was neither reasonable nor in good faith.

68. Accordingly, Plaintiff and the Putative Class Members are entitled to all unpaid wages at the minimum wage of $7.25 per hour for all straight-time hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Hill.

71. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

72. The FLSA Collective Members are defined in Paragraph 49.

73. Defendants' collective failure to pay their employees for all hours worked nor pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

74. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

75. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

76. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked each week.

77. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to a minimum wage of $7.25 per hour for all straight-time hours worked and no less than time and one-half the regular rate of pay for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA.

78. Defendants have employed a substantial number of similarly situated individuals since February 6, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

79. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

80. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

81. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 49 and notice should be promptly sent.

## COUNT TWO
### (Class Action Under FRCP 23)

**A. CLASS ACTION TREATMENT IS APPROPRIATE**

82. Plaintiff bring this class action on behalf of themselves and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

83. The Class which Plaintiff seeks to represent is adequately ascertainable, objectively verifiable, and is defined as:

> **ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR RICARDO AND SUSAN GARCIA LLC d/b/a ECLECTIX COFFEE BAR AND BAKERY LLC AND/OR SUSAN GARCIA AT ECLECTIX COFFEE BAR**

84. This class action is appropriate because it satisfies all prerequisites of Federal Rule of Civil Procedure 23(a), and is shown as follows:

(1) **Numerosity**—the class is so numerous that joinder of all members is impracticable. FED. R. CIV. P. 23(a)(1); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999).

(2) **Commonality**—there are questions of law and fact common to the class. Plaintiff and the Putative Class Members all share a common-law debt claim against Defendants for unpaid wages. Defendants failed to pay Plaintiff and the Putative Class Members for all hours worked (and in many cases nothing at all). *See* FED. R. CIV. P. 23(a)(2).

(3) **Typicality**—the claims of Plaintiff are typical of the claims of the class members. In fact, the claims of Plaintiff are identical to the claims of the Putative Class Members because all claims (including Plaintiff and the Putative Class Members' FLSA

claims) arise from Defendants' failure to compensate their employees for many weeks of labor, including their overtime. *See id.* at 23(a)(3).

(4) **Adequacy of Representation**—Plaintiff will fairly and adequately protect the interests of the Putative Class Members. There are no conflicts of interest between Plaintiff and the Putative Class Members. Additionally, the undersigned attorneys are financially able to prosecute the action to the fullest extent of the law. *See id.* 23(a)(4).

85. This class action is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because class treatment is a superior method to ensure the fair and efficient resolution of this controversy and all issues of law and fact are identical amongst the class members. *See id.* 23(b)(3).

86. Allowing the litigation to proceed on a class wide basis is in the class members' best interest because their claims for unpaid wages and overtime are comparatively modest, thereby rendering litigation outside of the class context both expensive and burdensome.

87. Finally, should a class member prefer to move forward individually, they are free to follow the opt-out procedure and do so. Therefore, the Putative Class Member's interests are best served by this collective treatment and this factor favors certification. *See id.* 23(b)(3)(A).

87. To date, there is no other litigation pending on these issues for the Putative Class Members. As such, this factor favors class treatment. *See id.* 23(b)(3)(B).

88. Resolving Plaintiff and the Putative Class Members' claims together in this forum is the most efficient and effective possible outcome. Plaintiff has already filed a proposed collective action pursuant section 216(b) to the FLSA that includes the Putative Class Members implicated by this debt action. Consolidating Plaintiff and the Putative Class Members claims for their unpaid wages along with their claims for their unpaid overtime before the same Court will saves the parties considerable time and expense and prevent duplicative litigation that would unduly burden the Court. *See id.* at 23(b)(3)(C). This factor favors certification.

89.     There are no difficulties in managing this as a class action. As stated, Plaintiff has already filed this action as a proposed collective action under section 216(b) of the FLSA and Plaintiff's attorneys regularly litigate large collective and class actions across the United States. There is no greater difficulty in resolving this as a Rule 23 class action. Therefore, this factor also favors certification. *See id.* at 23(b)(3)(D).

## B.     PLAINTIFF AND THE PUTATIVE CLASS MEMBERS' COMMON LAW *QUANTUM MERUIT* CLAIMS

90.     Plaintiff and the Putative Class Members also bring a common-law action under the equitable theory of *quantum meruit* and assert that they performed services for the benefit of Defendants for which they have not been paid and by which Defendants have been unjustly enriched.

91.     Plaintiff and the Putative Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered.[5] These claims are independent of Plaintiff and the Putative Class Members' claims for unpaid overtime wages pursuant to the FLSA and they are not preempted by the FLSA.

92.     Plaintiff and the Putative Class Members provided valuable services to Defendants. Specifically, Plaintiff Hill was a general laborer employed by Defendants and was engaged in serving related duties for Defendants and their customers at Eclectix.

93.     Defendants accepted Plaintiff and the Putative Class Members' services described in detail above and benefited from Plaintiff and the Putative Class Members' skill, expertise, and labor.

---

[5] The FLSA does not preempt Plaintiff's *quantum meruit* claim. *See Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, (ECF No. 67) (W.D. Tex. Mar. 2, 2017) (recognizing that "gap time" or "straight time" claims, where the compensation sought is for hours worked in a week that are not in excess of forty and when the average wage paid is not below minimum wage, are not preempted by the FLSA); *Karna v. BP Corp. NA, Inc.*, 11 F.Supp.3d 809, 816 (S.D. Tex. 2014) ("While Section 6 of the FLSA guarantees a minimum wage, it does not provide a right of action for employees to recover unpaid compensation in excess of that minimum wage.").

94. Defendants knew that Plaintiff and the Putative Class Members expected to be compensated for their services.

95. Defendants have therefore been unjustly enriched as a result of their collective failure to pay Plaintiff and the Putative Class Members the compensation owed to them for all of their work.

## VII.
## RELIEF SOUGHT

96. Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 49 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order Certifying Plaintiff's common-law *quantum meruit* claims of unjust enrichment as a class action;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

f. For an Order awarding Plaintiff the costs and expenses of this action;

g. For an Order awarding Plaintiff his attorneys' fees;

h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.  For an Order awarding Plaintiff a service award as permitted by law;

j.  For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

k.  For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA, and requiring Defendants to comply with such laws going forward; and

l.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   February 6, 2018          Respectfully submitted,

**ANDERSON2X, PLLC**

By:     /s/ *Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Federal I.D. No. 777114
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Lauren E. Braddy**
        Federal I.D. No. 1122168
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Federal I.D. No. 19259
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Federal I.D. No. 3101064
        Texas Bar No. 24101879
        carter@a2xlaw.com
        **George Schimmel**
        Federal I.D. No. 2338068
        Texas Bar No. 24033039
        geordie@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **Attorneys in Charge for Plaintiff and the Putative Class Members**